DEGGS v. LOVING et al.

(Court of Civil Appeals of Texas. Galveston. Dec. 19, 1913.)

1. APPEAL AND ERROR (§ 1011*)—FINDINGS—CONFLICTING EVIDENCE—REVIEW.

Findings of the trial court in a boundary dispute, based on conflicting evidence, will not be set aside on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. NEW TRIAL (§ 99*) — NEWLY DISCOVERED EVIDENCE—DISCRETION.

Where an application for a new trial for alleged newly discovered evidence was not supported by affidavits of the proposed witnesses as to the facts to which they would testify, and it also appeared that the evidence was only corroborative of that given at the trial by other witnesses, and whether there was a lack of diligence in obtaining the evidence was not shown, there was no such abuse of the trial court's discretion in denying the motion as would justify a reversal on appeal.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

Appeal from District Court, Polk County; L. B. Hightower, Judge.

Trespass to try title by Oliver H. Deggs against J. L. Loving and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Campbell & Campbell, of Livingston, for appellant. Holshousen & German, of Livingston, for appellees.

REESE, J. As originally instituted this was an action in trespass to try title by Oliver H. Deggs against J. L. Loving and his wife, to recover the O. H. Deggs survey of 138 acres in Polk county. Defendants disclaimed as to all of the land sued for except a tract of 22 acres, which plaintiff claims is a part of the O. H. Deggs survey, which he owns, lying, according to his claim, between the north line of the Hood survey of 160 acres, which belong to defendants, and the south line of the B. B. Deggs and Barco surveys. Defendants claim that this 22 acres is a part of the Hood survey, which, according to their contention, extends on the north to the B. B. Deggs and Barco surveys. Defendants claim that the north line of the Hood survey is the south line of the B. B. Deggs and Barco surveys, while it is plaintiff's contention that such line lies 130 varas south of the B. B. Deggs and Barco surveys, leaving a strip of land of this width, and extending east and west 950 varas, constituting the 22 acres in controversy. The issue thus developed was the true location of the north line of the Hood survey belonging to defendants. The case was tried without a jury. The court, after hearing the evidence, found that the Hood survey extended on the north to the B. B. Deggs and Barco survey, and rendered judgment for defendants for the 22 acres, they having disclaimed as to all of the land sued for except this strip, and as to that having set up their title and prayed in the affirmative for judgment. The court filed conclusions of fact and law. Plaintiff made a motion for a new trial, which was overruled, and he appeals.

Two questions are presented by the appeal: First, the sufficiency of the evidence to support the court's findings of fact and the judgment based thereon; and, second, whether the court erred in overruling plaintiff's motion for a new trial on the ground of newly discovered evidence.

The O. H. Deggs survey of 138 acres was patented to appellant October 21, 1901, and as described in the patent includes the land in controversy. The Hood survey of 160 acres was patented to W. D. Hood June 14, 1872. The field notes are as follows: "Beginning 1762 vrs. S. and 714 vrs. E. from the N. E. cor. of Pias Mici surv. of one Lea. a stake from wh. a pine 12 in. dia. brs. N. 11 deg. W. 1 vara, also a pine 18 in. dia. brs. S. 10 deg. W. 3 4/10 vrs. Thence: S. 950 vrs. a stake fr. wh. a white oak 9 in. in dia. brs. N. 16 E. 5 4/10 vrs. a hornbean 9 in. dia. brs. S. 17 deg. E. 2 2/10 vs. Thence: E. 950 vrs. the W. Bdy. line of D. M. Deggs preemption sur. a stake from wh. a hornbean 5 in. dia. brs. S. 3 vrs. also a hornbean 10 in. dia. brs. S. 75 deg. E. 7 vrs. Thence: N. with sd. Deggs W. B. line 937 vrs. pass Deggs N. W. corner 950 vrs. a stake from wh. a pine 7 in. dia. brs. S. 55 deg. W. E. 4/10 vrs. also a pine 9 in. dia. brs. S. 45 deg. W. 7 vrs. Thence: West 950 vrs. to the beginning." It will be noticed that its northeastern and northwestern corners are each marked by two bearing trees. The D. M. Deggs survey is called for on the east, but there is no call for the B. B. Deggs or the Barco on the north.

[1] In his first assignment of error that the court erred in his finding of fact that the north line of the Hood was the same as the south line of the B. B. Deggs and the Barco appellant sets out all of the evidence introduced by him in support of his contention, but makes no reference to the evidence introduced by appellees. The testimony was very conflicting; that of appellant showing not only the location of the disputed line as claimed by him, but also recognition of that line by several owners of the Hood at different times. It was also shown that the B. B. Deggs survey was made on August 1, 1871, and the Hood on the succeeding day, and the official map of Polk county was also introduced by appellant showing the 22 acres to be a part of the O. H. Deggs. Several witnesses testified for appellees, all of whom testified as to the location on the ground of the disputed line, each of them testifying that this line was identical with the south lines of the B. B. Deggs and Barco surveys. The Barco south line is a continuation of the south line of the B. B. Deggs. Several of these witnesses testified as to having found

the two bearing trees called for in the original field notes of the Hood as marking its Northeastern corner, and locate this corner of the Hood unmistakably in the south line of the Barco survey. These witnesses testified clearly and intelligently, and showed that they had knowledge of the facts testified about; and, if they were telling the truth, there can be no question that the Hood survey, as originally made and as patented, extended on the north to the B. B. Deggs and the Barco. It is true that the testimony of appellant's witnesses is equally positive that the disputed line is located as claimed by him. It is simply a case of conflicting evidence. That introduced by appellees is amply sufficient to sustain the court's findings. We cannot say that the evidence even preponderates in favor of appellant's contention. It would serve no useful purpose to set out the evidence here. The first assignment of error is overruled.

What we have said disposes also of the second, third, and fourth assignments of error.

[2] Appellant filed a motion for a new trial, setting out, among other grounds, that since the trial he had discovered that R. W. Hubert and Bill Turner had knowledge of, and would testify to, certain facts, material and important to him. The unsworn statement of Mr. Hubert is attached to the motion from which it appears that the witness at one time surveyed the Hood survey, that he ran the line beginning at the northeastern corner of the Pias Mici as called for in the field notes of the patent to the Hood, and that he found an old marked line at the proper distance from the beginning point for the north line of the Hood, but found no marked corners. According to his testimony, as set out in his statement, the disputed line as thus found by him lay south of the B. B. Deggs, and where appellant claims it to be. The testimony of the witness, according to his affidavit, is only corroborative of that of the several witnesses whose testimony was introduced by appellant. The witness lived in Polk county, where the trial was had. There are no prescribed rules as to granting new trials on this ground. Necessarily such a motion is addressed to the sound discretion of the trial court, and it is only when it clearly appears that the trial court has exercised such discretion improperly, and that appellant has been prejudiced thereby, that the appellate court can properly set aside such ruling. The materiality of the testimony, and whether it will probably change the result on another trial, whether it is as to independent facts or merely cumulative of other evidence introduced on the trial, and, all of these conditions having been met by the application for a new trial, whether the failure to ascertain the existence of the evidence or to produce it on the trial was due to any want of diligence on the

part of appellant, are all questions to be considered in passing upon such motion. Where it can be done, it is always proper and generally necessary to get the affidavit of the proposed witness as to the facts to which he will testify. As to the witness Hubert, there was attached to the motion only his unsworn statement, and as to the witness Turner not even this. It is true that appellant states that he did not know of the existence of this testimony at the trial, but whether this was due to lack of diligence was a question for the court. We cannot say that the refusal of the motion for a new trial, on the grounds stated, was an abuse, or an improper exercise of the discretion necessarily vested in the trial court. What we have said applies also to the alleged newly discovered testimony of the witness Turner, which was only cumulative of the testimony of the other witnesses for appellant. The fifth assignment of error is overruled.

The whole case involves merely a disputed issue of fact, as to which the evidence was conflicting. To authorize an appellate court to set aside the verdict of a jury, or the conclusions as to the facts of a trial court sitting without a jury, it must be made to appear that such verdict or conclusions are manifestly wrong. We cannot say that in this case. The judgment is affirmed.

Affirmed.